RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

Becky Prothro, et alCivil Action No. 6:04-868

versusJudge Tucker L. Melançon

Wal-Mart Stores, Inc., et alMagistrate Judge C. Michael Hill

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment, filed by defendant SRAM Corporation ("SRAM"), [doc. no. 21], against plaintiff, Becky Prothro, individually and on behalf of her minor child, Jacob Prothro. For the reasons that follow, the motion will be denied.

### *Background*

This product liability case arises out of an accident occurring on or about April 13, 2003, when Jacob Prothro's bicycle's brakes allegedly failed and caused him to crash into a tree. *R.1, Plaintiff's Complaint.* As a result of the crash, Jacob Prothro landed on the bar of the bicycle causing his penis and genitals to be slashed open. *Id.* Becky Prothro, individually and on behalf of her minor child, brought the instant action under the Louisiana Products Liability Act alleging that Jacob Prothro's injuries were caused by a defect in the manufacture of the bicycle. *Id.* Plaintiff brought suit against SRAM Corporation, Mongoose, Mongoose Bicycles, Mongoose Enterprises, L.L.C., Pacific Cycle, L.L.C. and Wal-Mart Stores, Inc. for the manufacture and marketing of the bicycle. *Id., ¶¶ 5 & 6.*

1

In the motion at bar, SRAM moves for summary judgment contending that it did not manufacture the bicycle's brake system. Plaintiff asserts that even if SRAM did not manufacture the bicycle's brake system, it remains liable under plaintiff's allegation that the razor sharp wire of the derailer, which SRAM admits manufacturing, also caused her son's injuries. The record provides that plaintiff's Complaint alleges claims under the LPLA for an unreasonably dangerous product and for failure to provide a warning of the inherent danger of the product. *R. 1, Plaintiff's Complaint.*

A motion for summary judgment can only be granted if the pleadings, depositions and affidavits submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Before a court can find that there are no genuine issues of material facts, it must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Ladue v. Chevron, U.S.A., Inc.*, 920 F.2d 272 (5th Cir. 1991). The parties each submit different versions of the facts relevant to SCAM's liability under the LPLA. A case in such a posture is not properly disposed of by summary judgment.

COPY SENT
DATE 6/22/05
BY
TO