
RECEIVED
NOV 3 0 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE-OPELOUSAS DIVISION**

| | |
|---|---|
| Becky Prothro, et al | Civil Action No. 04-0868 |
| versus | Judge Tucker L. Melançon |
| Wal-Mart Stores, Inc., et al | Magistrate Judge C. Michael Hill |

**MEMORANDUM RULING**

Before the Court is an unopposed[1] motion for summary judgment filed by defendant, SRAM Corporation ("SRAM"), as to all claims asserted against it by plaintiff, Becky Prothro, individually and on behalf of her minor child, Jacob Prothro [Rec. Doc. 67]. For the reasons that follow, the motion will be granted.

*I. Background*

This products liability action arises from genital injuries sustained by Jacob Prothro when he crashed into a tree while riding a bicycle. The bicycle in question was a Mongoose MGX-DX-R seven-speed, designed and manufactured by Pacific Cycle, L.L.C. and was purchased at the Super Wal-Mart in Alexandria, Louisiana. In her Complaint, plaintiff named as defendants SRAM, Mongoose, Mongoose Bicycles, Pacific Cycle L.L.C. and Wal-Mart Stores, Inc. Plaintiff alleged that SRAM is liable under the Louisiana Products Liability Act ("LPLA") as the manufacturer of the bicycle's rear derailleur, the gear changing mechanism which includes the handlebar shifter, the derailleur near the rear tire and a cable connecting the two.

---

[1] Pursuant to L.R. 7.5W, the deadline for filing any opposition to SRAM's motion was November 29, 2005.

## II. Motion For Summary Judgment Standard

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The movant bears the burden of establishing the propriety of summary judgment, and all pleadings and evidence are viewed in the light most favorable to the nonmovant. *Melton v. Teachers Ins. & Annuity Ass'n of America*, 114 F.3d 557, 559 (5th Cir.1997). As such, the movant must inform the court of the basis of its motion and identify the portions of the record which reveal there are no genuine material fact issues. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The function of the court, therefore, is to make the threshold inquiry of determining whether there is a need for a trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).[2] Once the movant makes this showing, the nonmovant must demonstrate that there is evidence in the record establishing that there is a genuine issue of material fact for trial. *Id.* at 323-24. To carry this burden, the opponent must do more than simply show some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A dispute as to a material fact is "genuine" under Rule 56(c) only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 251-52. The mere existence of a scintilla of evidence in support of the nonmovant's position is insufficient to

---

[2] *See also Crawford-El v. Britton*, 523 U.S. 574, 600 (1998) ("Summary judgment serves as the ultimate screen to weed out truly insubstantial lawsuits prior to trial.").

preclude a grant of summary judgment. *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir.1999). The opponent must present evidence sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249. The court may properly enter summary judgment against a party if that party fails to establish the existence of an element essential to the case and as to which it will bear the burden of proof at trial. *Celotex*, 477 U.S. at 324-236. Summary judgment is also appropriate when the only issues to be decided in the case are issues of law, or when the non-moving party's claims are legally deficient. *Neff v. American Dairy Queen Corp.*, 58 F.3d 1063, 1065 (5th Cir.1995).

### III. Analysis

SRAM asserts in its motion for summary judgment that it has no responsibility under the LPLA for the injuries incurred by Jacob Prothro. Plaintiff does not oppose SRAM's motion. The fact that plaintiff did not file an opposition to SRAM's motion, however, does not necessarily mean SRAM should prevail on the merits. "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995). However, plaintiff's failure to file an opposition and statement of contested material facts requires the Court to deem SRAM's statement of uncontested material facts admitted for purposes of the instant motion. Local Rule 56.2W.

3.

Plaintiff's claims against SRAM as the manufacturer of the rear derailleur are brought pursuant to the Louisiana Products Liability Act, La.R.S. 9:2800.51, *et seq.* (Plaintiffs' Amended Complaint). In order to maintain a successful products liability action pursuant to the LPLA, a plaintiff must establish four elements: (1) that the defendant is a manufacturer of the product; (2) that the claimant's damage was proximately caused by a characteristic of the product; (3) that this characteristic made the product "unreasonably dangerous"; and (4) that the claimant's damage arose from a reasonably anticipated use of the product. *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 260-61 (5th Cir.2002); *see* La.R.S. § 9:2800.54(A). In the case at bar, plaintiff alleges two theories of liability under the LPLA: (1) that the bicycle was unreasonably dangerous due to a defective design under La.R.S. § 9:2800.56; and (2) that the bicycle was unreasonably dangerous due to an inadequate warning under La.R.S. § 9:2800.57. (Plaintiff's Complaint, ¶ 10).

### *1. Defective Design*

Plaintiff asserts that "the exposure of the bicycle rider to uncovered section of wire rope is a defective and unreasonably dangerous condition." (R. 28, Plaintiff's Oppo. to SRAM's 3/14/05 MSJ[3]). La. R.S. § 9:2800.56 provides in pertinent part:

> A product is unreasonably dangerous in design if, at the time it left the manufacturer's control, there existed an alternative design that was capable of preventing the claimant's damage and the likelihood and gravity of that damage outweighed the burden on the manufacturer of adopting the alternative design and any adverse effect on the product's utility.

---

[3] SRAM initially filed a motion for summary judgment on March 14, 2005 to which plaintiff filed an opposition. The Court denied SRAM's motion for summary judgment by Judgment dated June 22, 2005 [Rec. Doc. 40].

4.

La. R.S. § 9:2800.56

It is undisputed that SRAM is not responsible for the design of the bicycle in question which called for the placement of exposed cable on the bicycle's top tube. (Stmt. of Mat. Facts, No. 5; Exh. A, Aff. of Brian Benzer). The deposition of Brian Baldis, senior product manager of Pacific Cycle Inc., explained that Pacific Cycle specifically designed the bicycle in question for Wal-Mart Stores, Inc. under its Mongoose brand label. (Exh. A, p. 6, 33). In manufacturing a new bicycle, Pacific Cycle would prepare a rough drawing, fill out a spec sheet and pick out the parts for the bicycle which would be manufactured at one of several bicycle factories with which Pacific Cycle worked. (*Id.* at p. 34). Benzer represented that Ming Cycle prepared the blueprints and manufactured the bicycle in question. (.*Id.* at p. 34, 36-37). Benzer stated that Ming designed the routing of the cable on the bicycle and Pacific approved the design which routed the brake and derailleur cables down the top tube of the bicycle. (*Id.* at p. 118). In particular, Benzer stated that the design provided that the derailleur cable remain exposed in three (3) places along the bicycle's frame in order to allow any moisture which might accumulate in the housed cable sections to escape. (*Id.* at p. 116, 120-21).

Thus, as the record establishes that SRAM is not responsible for any unreasonably dangerous or defective design related to the "exposed wire cables" which allegedly caused Jacob Prothro's injuries, its motion as to this issue will be granted.

*2. Failure To Warn*

Plaintiff also alleges in her Complaint that SRAM is liable for failing to warn her about any danger related to the exposed derailleur cable under La.R.S. § 9:2800.57. La.R.S. § 9:2800.57 provides, in pertinent part:

> A product is unreasonably dangerous because an adequate warning about the product has not been provided if, at the time the product left its manufacturer's control, the product possessed the characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product.

La.R.S. § 9:2800.57(A).

It is undisputed that the rear derailleur cable left SRAM's control prior to being installed with three sections exposed, the characteristic which plaintiff alleges caused her son's injuries. Accordingly, as SRAM had no responsibility to warn of the exposed derailleur, the motion for summary judgment in that regard will also be granted.

## *IV. Conclusion*

Based on the record before the Court, including the unopposed Statement of Material Facts, SRAM has no liability to plaintiff under La.R.S. § 9:2800.56 or § 9:2800.57 for the exposed cable wire on the bicycle in question, and therefore, SRAM's motion for summary judgment will be granted.

COPY SENT
DATE 11.30.05
BY MA
TO TLM
PJ