# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

Becky Prothro, et al                      Civil Action No. 6:04-868

versus                                       Judge Tucker L. Melançon

Wal-Mart Stores, Inc., et al               Magistrate Judge C. Michael Hill

## MEMORANDUM ORDER

Before the Court is a Motion for Judgment on the Pleadings or, Alternatively, Motion in Limine filed by defendants, Pacific Cycle, Inc. and Wal-Mart Louisiana, LLC, [doc. no. 89] in which defendants move the Court to exclude evidence of "LeJuene Damages" and loss of consortium damages at the trial of this matter.

Louisiana jurisprudence supports an award for mental anguish and emotional distress arising out of injury to another when that person comes upon the scene of the event soon thereafter, provided that the trauma suffered by the victim is such that it can be reasonably expected that one in plaintiff's position would suffer serious and foreseeable mental anguish from the experience. La. Civ.Code art. 2315.6; *Lejeune v. Rayne Branch Hospital*, 556 So.2d 559, 570 (La.1990). Article 2315.6(B), which provides the elements to prove a claim, states:

> B. To recover for mental anguish or emotional distress under this Article, the injured person must suffer such harm that one can reasonably expect a person in the claimant's position to suffer serious mental anguish or emotional distress from the experience, and the claimant's mental anguish or emotional distress must be severe, debilitating, and foreseeable. Damages suffered as a result of mental anguish or emotional distress for injury to another shall be recovered only in accordance with this Article.

The court in Lejeune noted that mental anguish for injury to a third person should only be allowed where the emotional injury is both severe and debilitating. In discussing this requirement, the court noted:

> The emotional distress sustained must be both serious and reasonably foreseeable to allow recovery. Serious emotional distress, of course, goes well beyond simple mental pain and anguish. Compensation for mental pain and anguish over injury to a third person should only be allowed where the emotional injury is both severe and debilitating.

*Lejeune*, 556 So.2d at 570 (citations omitted).

The record provides that Becky Prothro, the mother of Jacob Prothro, came to the scene of the accident upon hearing his initial screams and witnessed the injuries to her son's genitals. *Depo. of Becky Prothro.* The record further provides that Prothro was with her son throughout the medical procedures that were performed on him during which he endured severe pain. *Id.* Based on the foregoing, the Court will deny defendants' motion to exclude Becky Prothro's claim for damages under 2315.6.

In general, a claim for loss of consortium has seven elements: (1) loss of love and affection; (2) loss of society and companionship; (3) impairment of sexual relations; (4) loss of performance of material services; (5) loss of financial support; (6) loss of aid and assistance; and (7) loss of fidelity. *Bassett v. Toys "R" Us Delaware, Inc.*, 836 So.2d 465 (La.App.2d Cir.12/30/02). A loss of consortium award is a fact-specific determination, to be decided case-by-case . *Id.* Based on the record of this matter, the Court will also deny defendants' motion as to Becky Prothro's claim for loss of consortium. Accordingly,

IT IS ORDERED that the Motion for Judgment on the Pleadings or, Alternatively, Motion in Limine filed by defendants, Pacific Cycle, Inc. and Wal-Mart Louisiana, LLC, [doc. no. 89] is denied.

Thus done and signed this 27th day of January, 2006 at Lafayette, Louisiana.

_____
Tucker L. Melançon
UNITED STATES DISTRICT JUDGE