UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

Becky Prothro, et al | Civil Action No. 6:04-868

versus | Judge Tucker L. Melançon

Wal-Mart Stores, Inc., et al | Magistrate Judge C. Michael Hill

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment, filed by defendants, Pacific Cycle, Inc. and Wal-Mart Louisiana, LLC, [Rec. Doc. 85], against plaintiff, Becky Prothro, individually and on behalf of her minor child, Jacob Prothro. For the reasons that follow, the motion will be denied.

*Background*

This product liability case arises out of an accident occurring on or about April 13, 2003, when the brakes on the bicycle ridden by Jacob Prothro allegedly failed and caused him to crash into a tree. *R.1, Plaintiff's Complaint, no. 6, 7.* As a result of the crash, Jacob Prothro landed on the bar of the bicycle causing his penis and genitals to be injured. *Id. at 8, 9.* Becky Prothro, individually and on behalf of her minor child, Jacob Prothro, filed a complaint under the Louisiana Products Liability Act ("LPLA") alleging that his injuries were caused by a defect in the manufacture of the bicycle. *Id., ¶ V, no. 10.* Plaintiffs claim that the lack of padding over the rear brake and shifter wires located on the top tube of the bicycle at issue[1] was the result of defective design and that defendants failed to provide a

---

[1] Plaintiffs' withdrew their defective design claim related to the routing of the wires at the pretrial conference hearing on January 10, 2006. *R.136.*

1

warning of the inherent danger of the product. *Id., Plaintiff's Opposition.* Plaintiffs brought suit against SRAM Corporation, Mongoose, Mongoose Bicycles, Mongoose Enterprises, L.L.C., Pacific Cycle, L.L.C. and Wal-Mart Stores, Inc. for the manufacture and marketing of the bicycle. *R.1., no. 5 & 6.* On May 28, 2004, plaintiffs amended their complaint to add an additional claim that defendants were responsible for "offering, enticing and selling to plaintiff a bicycle that was clearly inappropriate for his size and age." *Amended Complaint, ¶ 10.* SRAM Corporation was dismissed on summary judgment on November 30, 2005 [Rec. Doc. 75].

*Summary Judgment Standard*

A motion for summary judgment shall be granted if the pleadings, depositions, and affidavits submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56.* Once the movant produces such evidence, the burden shifts to the respondent to direct the attention of the court to evidence in the record sufficient to establish that there is a genuine issue of material fact requiring a trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The responding party may not rest on mere allegations made in the pleadings as a means of establishing a genuine issue worthy of trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the court is required to render the judgment prayed for. *Id.* Before it can find that there are no genuine issues of material fact, however, the

court must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Id.*

*Analysis*

Defendants move for summary judgment contending that selling a bicycle that is allegedly too big is not a viable claim under the provisions of the LPLA. *Motion for Summary Judgment.* In that regard, defendants represent that "[p]laintiffs' expert has testified that the size of the bicycle is not a defect and does not render the bicycle unreasonable dangerous, nor does its size constitute a mis-manufacture." *Id.* Alternatively, defendants contend that the evidence does not support plaintiff's position that the bicycle at issue was too big or that the bicycle seat was too large for the bicycle. *Id.* Specifically, defendants assert that Jacob Prothro had the bicycle in question for 36 days prior to the accident and the deposition testimony provides that he had no problem operating the bicycle during that time. *Id.* In light of this testimony, defendants argue that the seat complained of was not on the bicycle at the time of the incident at bar. Rather, the original seat which was sold on the bicycle was replaced some time after the incident and prior to the inspection. *Id.*

Initially, plaintiffs clarify their allegations related to their amended claim by indicating that "Wal-Mart failed to warn Jacob when it sold him a bicycle that was drastically too large. A manufacturer has a duty to warn under the LPLA when the use of its product exposes the user to a dangerous condition." *Plaintiffs' Opposition.* In support of their position, plaintiffs cite the reports of their experts,

Alfred Wang and Bryan Durig, as well as the report of defendants' expert, David Mitchell. In his report Durig indicated that Jacob Prothro's inseam measurement taken nine months after the accident was 23 inches, while the intersection of the top tube of the bicycle and the head tube was 26 inches above the ground, three inches higher than Jacob's inseam measurement. *Report of Durig*. Plaintiffs point to the deposition testimony of Pacific Cycle in support of their position that, at a minimum, there should have been one inch of clearance between the boy's inseam and the intersection of the top tube and the head tube of the bicycle. *Depo. of Pacific Cycle, pp. 111-112.* Plaintiffs also note that David Mitchell indicated in his report that Jacob Prothro's pedal stroke distance on the bicycle in question would have been 28 inches, five inches higher than his 23 inch inseam. Based on the foregoing, plaintiffs assert that Wal-Mart failed to provide any warning to a child such as Jacob Prothro of the dangerous condition of a bicycle which is too large.

     Plaintiffs also contend that Pacific Cycle provided inadequate warnings in that same regard in that the owner's manual for the bicycle in question failed to address the dangers of a bicycle which is too large. Plaintiffs' support their allegation by pointing out that the bicycle's owner's manual only mentioned the "standover" measurement (desired clearance between the rider's groin area and the top tube of the bicycle) rather than providing an actual warning. Plaintiffs' further represent that the manual was not available to the consumer until after the purchase of the bicycle.

Plaintiffs also assert that they intend to introduce evidence that the bicycle in question was sold with a improper seat and seat post in further support of their claim for failure to warn of an improperly sized bicycle. Contrary to defendants' contention that plaintiffs' testimony that prior to the accident the bicycle functioned without incident establishes that the proper seat was attached to the bicycle at the time of the accident, the affidavit of Becky Prothro states that at the time plaintiffs purchased the bicycle in question it had an "Element" seat with words that read "Designed for Women," rather than a "Mongoose" seat. *Aff. of Becky Prothro.*

A motion for summary judgment can only be granted if the pleadings, depositions and affidavits submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Before a court can find that there are no genuine issues of material facts, it must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Ladue v. Chevron, U.S.A., Inc.*, 920 F.2d 272 (5th Cir. 1991). Based on the plaintiffs' deposition testimony and affidavit as well as the reports and testimony of the experts in this case, the Court finds that there exist genuine issues of material fact related to the issue of inadequate warnings of the bicycle size. Accordingly, defendants' motion for summary judgment must be denied as a case in such a posture is not properly disposed of by summary judgment.