# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

Becky Prothro, et al                                                                     Civil Action No. 6:04-868

versus                                                                                                Judge Tucker L. Melançon

Wal-Mart Stores, Inc., et al                                 Magistrate Judge C. Michael Hill

## MEMORANDUM ORDER

     Before the Court is a Motion in Limine filed by defendants, Pacific Cycle, Inc. and Wal-Mart Louisiana, LLC, [doc. no. 87] in which defendants move the Court to exclude the testimony of plaintiffs' experts, Dr. Brian Durig and Alfred Wang, at the trial of this matter. In their motion, defendants contend that "plaintiffs' proposed experts have no experience in the field of bicycle design, mismanufacture [sic] or warnings." Specifically, defendants assert that Durig's educational experience fails to qualify him as a bicycle expert and Wang's experience as a bicycle assembler does not qualify him to testify as a bicycle expert under the requirements of *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).

     In their opposition, *R. 108*, plaintiffs argue that the curriculum vitae of Dr. Durig establishes that he has a Ph.D., a Masters Degree and a Bachelors of Science Degree in mechanical engineering and that he has testified as an expert in hundreds of product liability cases, including those involving bicycles in federal court. *CV of Durig*. Plaintiffs further argue that Mr. Wang has specialized knowledge in the field of bicycle sizing and assembly based on his eight year occupation as a bicycle assembler, repairman and salesman. Plaintiffs assert that both Durig and Wang will testify as to factual issues, and therefore the Court should consider whether these

expert witnesses' testimony will be relevant and reliable under Rule 702 of the Federal Rules of Evidence and perform an analysis under *Kumho Tire Company, Ltd v. Carmichael*, 526 U.S. 137, 150 (1999) rather than a strict *Daubert* analysis as defendants contend.

Expert testimony is admissible at trial if it "will assist the trier of fact to understand the evidence or to determine a fact in issue," and if the witness is "qualified as an expert by knowledge, skill, experience, training, or education." Fed.R.Evid. 702. In *Daubert* 509 U.S. 589, the Supreme Court interpreted Rule 702 as requiring the trial judge to ensure that an expert's testimony is both reliable and relevant to the case at hand. Although *Daubert* specifically addressed scientific testimony, the Supreme Court has held that the trial court's gatekeeping obligation applies to nonscientific expert testimony as well. *Kumho Tire*, 526 U.S. at 148. In addition to the expert's qualifications, the Court in *Kumho* considered the methodology employed by the expert, the scientific basis for the analysis, and range of reasonable difference between experts.

*1. Dr. Bryan Durig*

The record indicates that Durig is a licensed professional engineer with experience and training in mechanical engineering principles. He has been found qualified to testify in other Federal Courts and has testified in cases involving bicycles. Defendants do not question Durig's credentials as an electrical engineer, rather they argue that Durig has never testified in a "bicycle brake failure case." Thus, under *Kumho*, the Court will consider the methodology employed by the

2.

Durig, the scientific basis for his analysis, and range of reasonable difference between the experts.

The facts of this case require that an expert apply general engineering principles to the mechanics of the bicycle rather than actual scientific testing. Using his mechanical engineering background, Durig found that the front brakes of the subject bicycle were inoperable at the time of the inspection. *Depo. of Durig*. The record indicates that defendants' expert, David Mitchell, found the same condition of the front brakes. *Report of Mitchell*. Durig opined that the front brake problem was the result of the cable having been stretched and pulled through an anchor bolt during assembly. His report included photographs of the cable and the anchor bolt as well as his analysis which lead to this opinion. *Report of Durig*. Durig's report and deposition testimony further indicated that he examined the rear brakes on the bicycle in question and determined that they were not assembled in the manner called for in the owners manual in that the levers were set 60 degrees below horizontal rather than 30 degrees as the manual instructed. Durig also discovered uneven wear on the rear brake pads. Observations similar to these were made in the report of defendants' expert, Mitchell, in which he noted "the handlebar mounted brake levers were [] at slightly different angles at the time of the inspection" and a "slight reduction in the height of the right rear brake pad to rim compact point." Finally, Durig's testimony that the bicycle was too large for Jacob Prothro was based on Durig's measurements of Prothro as indicated in the bicycle's owner's manual.

Similar measurements and/or determinations related to Jacob Prothro and the size of the bicycle were made by Mitchell and by Brian Baldis of Pacific Cycle.

Based on the evidence before the Court, it appears that Durig's investigation and analysis of the bicycle and its parts were performed using reasonable and traditional mechanical engineering expertise and methodology such that they provided a reasonable link between the information procedures he used and the conclusion he reached. For the oral reasons assigned at the January 11, 2006 pretrial conference, however, the Court will reserve its ruling on whether or not Durig will be allowed to testify as an expert until the trial of this matter. The Court may conduct a hearing outside the presence of the jury in the event it is deemed necessary or appropriate.

### 2. Mr. Alfred Wang

Defendants contend that Wang's testimony should be excluded because he lacks the educational background to testify about the design or "mismanufacture" of the bicycle in question and because he did not conduct any tests regarding the bicycle. Plaintiffs argue that Wang will be offered only to testify as to the proper method for assembling a bicycle and how the subject bicycle was improperly assembled and sized for Jacob Prothro. Specifically, plaintiffs maintain that Wang will testify as to "the proper sizing of the bicycle, the proper way to assemble the front brake, the proper adjustment of the front brake cable so that it does not bind around the head tube of the bicycle and the proper setup and adjustment of a rear

brake so that it provides maximum braking capacity." *Memo. in Oppo. to Motion in Limine*.

The record indicates that Wang is not a scientist or engineer, but rather, has eight years of experience in a bicycle shop where he helped size people for bicycles and worked as head mechanic in charge of bicycle assembly and repair. *Depo. of Wang*. While it appears that this experience renders Wang a relevant and reliable witness under Rule 702 as well as *Kumho*, to the extent it applies, the Court will reserve its ruling on allowing Wang to testify as an expert until the trial of this matter and may conduct a hearing outside the presence of the jury in the event if it is deemed necessary or appropriate.

IT IS ORDERED that the Motion in Limine filed by defendants, Pacific Cycle, Inc. and Wal-Mart Louisiana, LLC, [doc. no. 87] is denied pending the trial of this matter.

Thus done and signed this 27th day of January, 2006 at Lafayette, Louisiana.

_____
Tucker L. Melançon
UNITED STATES DISTRICT JUDGE